UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DAWN SCOTT-IVERSON,

                     Plaintiff,

        -against-

UNITED HEALTHCARE SERVICES, INC.,
UNITED HEALTHCARE MANAGEMENT
SERVICES, and RODDY TORRES, individually,

                     Defendants.

-------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**Plaintiff Demands a
Trial by Jury**

Plaintiff DAWN SCOTT-IVERSON ("Plaintiff"), by and through her attorneys, Horn Wright, LLP, alleges the following against Defendants UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE MANAGEMENT SERVICES, and RODDY TORRES, individually (collectively, "Defendants"), upon information and belief:

## NATURE OF THE ACTION

1.     This action arises out of: (1) unlawful discrimination based on gender; (2) the creation of a hostile work environment based on gende; (3) *quid pro quo* sexual harassment; (4) retaliation for opposing and reporting gender discriminatory conduct; and (5) negligent hiring, retention, and supervision, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), the New York State Human Rights Law (Executive Law § 290, *et seq.*), and applicable common law.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e–5(f)(3), as the unlawful employment practices alleged herein occurred within this judicial district.

4. This Court has supplemental jurisdiction over Plaintiff's claims brought under the New York State Human Rights Law pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims in this action that they form part of the same case or controversy

## PARTIES

5. At all times relevant, Plaintiff DAWN SCOTT-IVERSON is a citizen of the United States who resides in Erie County, State of New York.

6. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et al.* and N.Y. Exec. Law § 292, *et al.*

7. Plaintiff is an "employee" as defined by 42 U.S.C. § 2000e, *et al.* and N.Y. Exec. Law § 292, *et al.*

8. Upon information and belief, at all times relevant, Defendant UNITED HEALTHCARE SERVICES, INC. is a foreign business corporation organized under the laws of the State of Minnesota and authorized to do business in the State of New York.

9. Defendant UNITED HEALTHCARE SERVICES, INC. is an "employer" as defined by 42 U.S.C. § 2000e, *et al.* and N.Y. Exec. Law § 292, *et al.*

10. Upon information and belief, at all times relevant, Defendant UNITED HEALTHCARE MANAGEMENT SERVICES is a foreign business corporation organized under the laws of the State of Minnesota and authorized to do business in the State of New York.

11. Defendant UNITED HEALTHCARE MANAGEMENT SERVICES is an "employer" as defined by 42 U.S.C. § 2000e, *et al.* and N.Y. Exec. Law § 292, *et al.*

2

12.     Defendants UNITED HEALTHCARE SERVICES, INC. and UNITED HEALTHCARE MANAGEMENT SERVICES are collectively referred to as "UHC".

13.     At all relevant times, Defendant RODDY TORRES ("TORRES") was employed by UHC and was Plaintiff's direct supervisor.

14.     At all relevant times, Defendant RODDY TORRES acted within the scope of his employment and agency with UHC and exercised supervisory authority over Plaintiff, including directing her work, evaluating her performance, and controlling the terms and conditions of her employment.

15.     Defendant RODDY TORRES is an "employer" as defined by 42 U.S.C. § 2000e, *et al.* and N.Y. Exec. Law § 292, *et al.*

## ADMINISTRATIVE AND PROCEDURAL HISTORY

16.     On or about August 1, 2025, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging gender/sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

17.     On March 2, 2026, the EEOC issued a Notice of Right to Sue with respect to Plaintiff's charge.

18.     This action is timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

19.     Plaintiff is a female who is currently employed by Defendant UHC and began working there in or about February 2023.

20.     Plaintiff is qualified to perform the essential functions of her position, as evidenced by her positive performance evaluations.

21.    From the beginning of her employment, Plaintiff's direct supervisor, Defendant TORRES, engaged in ongoing and inappropriate conduct toward Plaintiff that was sexual in nature.

22.    TORRES regularly commented on Plaintiff's weight, appearance, and clothing, and referred to her using diminutive terms such as "honey" and "sweetheart" in professional settings.

23.    TORRES repeatedly subjected Plaintiff to unwanted physical contact, including brushing against her body during meetings, touching her lower back, and placing his hand on her thigh during car rides.

24.    TORRES made graphic comments about the appearance of other female coworkers and implied similar observations about Plaintiff, often using sexually suggestive gestures.

25.    TORRES frequently invaded Plaintiff's personal space during team meetings and made uninvited attempts to hug or kiss her on the mouth.

26.    When Plaintiff began setting boundaries and distancing herself, TORRES retaliated by excluding her from team events, criticizing her performance, and imposing inflated sales goals without justification.

27.    In or about July 2024, during a car ride to a work function, TORRES again touched Plaintiff's thigh and made inappropriate comments while licking his lips and staring at Plaintiff's chest.

28.    In or about February 2025, TORRES again initiated unwanted physical contact by caressing Plaintiff's hand and making inappropriate sexual remarks while performing a "site check."

29.    Around that same time, Plaintiff became aware that other female employees, including Christine Barbas and Tanya Hall, had experienced similar misconduct by TORRES.

4

30.    After learning of this broader pattern, Plaintiff submitted internal complaints regarding TORRES's conduct.

31.    Despite Plaintiff's complaints, TORRES continued to attend meetings, exercise supervisory authority, and attempt to contact Plaintiff directly.

32.    Defendant UHC failed to immediately separate TORRES from his supervisory role or issue any directive barring further contact.

33.    Plaintiff was not assured that she would be protected from future contact or retaliation.

34.    Plaintiff remains employed; however, the harassment and retaliation have created a workplace that is emotionally unsafe, discriminatory, and hostile

35.    The unlawful conduct described herein has caused Plaintiff to suffer emotional distress and other damages.

## FIRST CAUSE OF ACTION
*Gender Discrimination*
*Title VII of the Civil Rights Act of 1964*

36.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

37.    Plaintiff is a woman and a member of a protected class under Title VII.

38.    Plaintiff was qualified for her position and performed her job satisfactorily.

39.    Plaintiff was subjected to adverse terms and conditions of employment under circumstances giving rise to an inference of gender discrimination.

40.    Defendants' conduct violated 42 U.S.C. § 2000e-2.

41.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

## SECOND CAUSE OF ACTION
*Hostile Work Environment*
*Title VII of the Civil Rights Act of 1964*

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

43.    Plaintiff was subjected to unwelcome sexual comments, advances, and physical conduct by her supervisor.

44.    The conduct was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive and hostile work environment.

45.    Defendants' conduct violated 42 U.S.C. § 2000e-2.

46.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

## THIRD CAUSE OF ACTION
*Quid Pro Quo Sexual Harassment*
*Title VII of the Civil Rights Act of 1964*

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

48.    TORRES subjected Plaintiff to unwelcome sexual advances and physical conduct.

49.    Plaintiff rejected TORRES's advances.

50.    Following Plaintiff's rejection, TORRES used his supervisory authority to alter the terms and conditions of Plaintiff's employment.

6

51.    TORRES conditioned favorable treatment on Plaintiff's submission to his sexual advances, and Plaintiff's rejection resulted in adverse employment consequences.

52.    Defendants' conduct violated 42 U.S.C. § 2000e-2.

53.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

## FOURTH CAUSE OF ACTION
*Unlawful Retaliation*
*Title VII of the Civil Rights Act of 1964*

54.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

55.    Plaintiff engaged in protected activity by complaining about gender discrimination.

56.    Defendants were aware of Plaintiff's complaints.

57.    Defendants subjected Plaintiff to adverse actions that would dissuade a reasonable employee from making or supporting a charge of discrimination.

58.    Defendants' actions constitute unlawful retaliation in violation of 42 U.S.C. § 2000e-3.

59.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

## FIFTH CAUSE OF ACTION
*Gender Discrimination*
*New York State Human Rights Law*

60.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

7

61.    Plaintiff is a woman and a member of a protected class under NYSHRL.

62.    Plaintiff was qualified for her position and performed her job satisfactorily.

63.    Plaintiff was subjected to adverse terms and conditions of employment under circumstances giving rise to an inference of gender/sex discrimination.

64.    Defendants' conduct constitutes unlawful gender discrimination in violation of N.Y. Exec. Law § 296(1).

65.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

## SIXTH CAUSE OF ACTION
*Hostile Work Environment*
*New York State Human Rights Law*

66.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

67.    Plaintiff was subjected to unwelcome sexual comments, advances, and physical conduct by her supervisor.

68.    Plaintiff was subjected to inferior terms, conditions, or privileges of employment because of her sex, resulting in a hostile work environment.

69.    Defendants' conduct violated N.Y. Exec. Law § 296(1).

70.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

**SEVENTH CAUSE OF ACTION**
*Quid Pro Quo Sexual Harassment*
*New York State Human Rights Law*

71.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

72.    TORRES subjected Plaintiff to unwelcome sexual advances and physical conduct.

73.    Plaintiff rejected TORRES's advances.

74.    Following Plaintiff's rejection, TORRES used his supervisory authority to alter the terms and conditions of Plaintiff's employment.

75.    TORRES conditioned favorable treatment on Plaintiff's submission to his sexual advances, and Plaintiff's rejection resulted in adverse employment consequences.

76.    Defendants' conduct violated N.Y. Exec. Law § 296(1).

77.    Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

**EIGHTH CAUSE OF ACTION**
*Unlawful Retaliation*
*New York State Human Rights Law*

78.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

79.    Plaintiff engaged in protected activity by complaining about gender discrimination.

80.    Defendants were aware of Plaintiff's complaints.

81.    Defendants subjected Plaintiff to adverse actions that would dissuade a reasonable employee from making or supporting a charge of discrimination.

9

82.     Defendant's actions violated N.Y. Exec. Law § 296(7).

83.     Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

**NINTH CAUSE OF ACTION**
*Negligent Hiring, Retention, and Supervision*

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

85.     Upon information and belief, Defendants knew or should have known that Defendant TORRES had a propensity to engage in inappropriate and sexually harassing conduct, including prior misconduct for which he was terminated from a previous position.

86.     Defendants nevertheless negligently hired, retained, and supervised TORRES, and failed to take appropriate action to prevent his misconduct, including repeated instances of unwanted physical contact with Plaintiff.

87.     TORRES's conduct constituted offensive and non-consensual physical contact, and Defendants' negligence in hiring, retaining, and supervising him directly resulted in Plaintiff's injuries and damages.

88.     Due to Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial but not less than ONE MILLION DOLLARS (1,000,000.00).

**JURY DEMAND**

89.     Plaintiff demands a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff DAWN SCOTT-IVERSON respectfully requests that this Court enter judgment against Defendants UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE MANAGEMENT SERVICES, and RODDY TORRES, individually, as follows:

a.      On the First Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

b.      On the Second Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

c.      On the Third Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

d.      On the Fourth Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

e.      On the Fifth Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

f.      On the Sixth Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

g.      On the Seventh Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

h.      On the Eighth Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

i.      On the Ninth Cause of Action in the amount of ONE MILLION DOLLARS (1,000,000.00);

j.       Punitive damages to the extent permitted by law for Defendants' willful and malicious conduct;

k.       Attorneys' fees and costs pursuant to Title VII and applicable state law;

l.       Pre- and post-judgment interest as permitted by law; and

m.      Such other and further relief as the Court deems just, equitable, and proper.

Dated: Rochester, New York
April 28, 2026

**HORN WRIGHT, LLP**
*Attorneys for Plaintiff*

By:     /s/*Ryan C. Woodworth*
Ryan C. Woodworth, Esq.
16 West Main Street, Suite 210
Rochester, New York 14614
Ph: 585.325.2020
rcw@hornwright.com